CARIBE CONSTRUCTION CO., INC.,
Petitioner

v.

RUFUS VANDERPOOL and V. I. EMPLOYMENT SECURITY
AGENCY, Defendants

Civil No. 211-1964

District Court of the Virgin Islands

Div. of St. Thomas and St. John

July 10, 1964

GEORGE H. T. DUDLEY, ESQ., Charlotte Amalie, Virgin
Islands, *for petitioner*

FRANCISCO CORNEIERO, ESQ., Attorney General, Charlotte
Amalie, Virgin Islands, *for defendants*

MORTON J. MARKS, ESQ., Regional Attorney for the United States Secretary of Labor, *pro hac vice*

FELIX V. DEJESUS, ESQ., Attorney for the United States Department of Labor, *pro hac vice*

GORDON, *Judge*

■ On June 19, 1964, a petition for an order to show cause was filed by plaintiff-petitioner, Caribe Construction Company, who is engaged in the business of general contracting and home construction in the Virgin Islands, wherein he alleged that the Virgin Islands Employment Security Agency through its acting director, Rufus Vanderpool, has refused to grant clearance for its alien workers on the ground that there exists a labor dispute, and because of the failure of the defendants to grant said clearance certain alien employees are in imminent danger of deportation by the United States Immigration and Naturalization Service. The petition in its prayers for relief asked the court to issue an order to the defendant to show cause why he should not grant clearance to certain named employees. The petition although it recites that it is a petition or civil action in the nature of mandamus is in reality a civil action for a declaratory judgment and the court will treat it as such. The appropriate section of the United States Code (28 U.S.C. § 2201) recites:

"§ 2201. *Creation of remedy*

"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. As amended May 24, 1949, c. 139, § 111, 63 Stat. 105; Aug. 28, 1954, c. 1033, 68 Stat. 890; July 7, 1958, Pub. L. 85–508, § 12(p), 72 Stat. 349."

A little background of the controversy which is before the court may be helpful to understand what shall follow. The plaintiff-petitioner herein is a construction company doing business in the Virgin Islands. In order to fulfill its commitments, it hires laborers from the labor market on St. Thomas. When it cannot find sufficient workers who are resident Virgin Islanders, it makes a request to the Virgin Islands Employment Security Agency to find laborers for it. If the Employment Security Agency cannot find laborers for the plaintiff-petitioner in St. Thomas, it will authorize, through a certificate for non-availability of domestic workers, the plaintiff-petitioner to hire alien laborers. This certification is good for six months and must be renewed at the end of this time period. Along with this certification, the plaintiff-petitioner seeks through the U. S. Immigration and Naturalization Service to get a clearance in order that aliens who are hired by the petitioner can get a visa to work in the Virgin Islands.

The situation herein is that the defendant Vanderpool in refusing to sign the certificate for non-availability of domestic workers, those workers who were working for the plaintiff-petitioner would be illegally in the Virgin Islands and thus, they would be deported by the Immigration and Naturalization Service.

An order to show cause was issued on June 19, 1964, returnable on June 29, 1964. On June 29, 1964, the defendants filed an answer to the petition to show cause. At the hearing on the order to show cause counsel for the defendants contended relief could not be granted because there was not at the time pending before the defendant agency any valid current request for clearance of alien workers. It was contended that the application for clearance last submitted by the plaintiff-petitioner expired by its own terms on May 29, 1964.

The defendants' basic contention was that the defendants in refusing the clearance did not commit error because the agency's rules and regulations were followed. It was counsel's contention that Respondent's Exhibit "B" which was the "order form" from which the clearance order should be executed was the order which the rules and regulations made reference to in giving a six month term for validity. In support of this contention he filed with the court copies of the pertinent rules and regulations. Counsel for the plaintiff-petitioner contended that Respondent's Exhibit "B" was not the form to which the rules made reference, but that Respondent's Exhibit "A" which was the "Certificate for non-Availability of Domestic Workers" was the form to which the rules as to the six month validity period had reference.

The rules and regulations upon which the defendant Vanderpool based his decision is known as the Employment Security Manual. Section 1810(b) of this manual sets out the conditions upon which an order for a six month validity period of clearance orders may be granted. For this six month period the manual prescribes that Form ES 561 may be used. Section 1861(d) of this manual cites the Director's comments on the form to be used in the Virgin Islands which is:

> "In the Virgin Islands a special form ES 560-B is the approved Clearance Order form used for the certification on non-agricultural BVI–BWI and Dutch and French W. I. workers."

The form which the plaintiff-petitioner contends the defendant Vanderpool wrongfully refused to sign was Respondent's Exhibit "B" which is form ES 560-B. Since this form was never acted upon by the defendant Vanderpool it is inconceivable that it would expire as the defendants contend. Furthermore, it was the application that was held in abeyance not the clearance order. Thus, it is the defendants' own regulations upon which the decision

was based which show the defendants to be in error in the decision that the time had expired on May 29, 1964.

The petition in paragraph five alleges that the defendant Agency "has refused to grant plaintiff any clearances for its alien workers on the grounds that, on the advice of one Roy Gottleib, Executive Director of the Virgin Islands Labor Union, there exists a labor dispute between plaintiff and its employees." This allegation was denied by the defendant in its answer. Mrs. Louise Scott, the Director of the defendant Agency, a witness at the hearing of this matter, testified that it was upon information received from Roy Gottleib that a labor dispute existed that she based her decision not to certify the order. Further, in support of the allegation, plaintiff introduced into evidence a letter it received from Mrs. Scott which recited that she was advised by Mr. Gottleib that the strike continued against the plaintiff.

The court finds from all the evidence that the defendant took the advice of Mr. Gottleib without further investigation as to whether a labor dispute existed. The court concludes that the defendant erred in its decision that a labor dispute existed. If an investigation had been made, the defendant would have been apprised that the alleged labor dispute had been resolved by a judgment of this court in the case of Caribe Construction Co. v. Penn, Civil Number 5-1962 wherein the court ordered an election to be held.

CONCLUSION

The court holds that from the foregoing the application for a clearance order has not expired and that the defendant should have issued said clearance order because the alleged labor dispute has been resolved in Civil Action Number 5-1962 and the reason for holding the application for a clearance order in abeyance did not exist at the time the defendant refused to sign the clearance order.

Counsel for the plaintiff-petitioner shall submit to this court within five (5) days an appropriate judgment in conformity with this opinion.